NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAYMOND A. BERRY,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7067

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-366, Chief Judge Bruce E. Kasold.

---

Decided: December 9, 2014

---

RAYMOND A. BERRY, of Auburn, California, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and MARTIN J. SENDEK, Attorney, United States of Department of Veterans Affairs, of Washington, DC.

---

Before MOORE, PLAGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mr. Raymond Berry appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying Mr. Berry's request for disability compensation benefits for organic heart disease and vascular disease. *Berry v. Shinseki*, No. 13-0366, 2014 WL 448392 (Vet. App. Mar. 4, 2014) ("*Veterans Court Decision*"). Because Mr. Berry's arguments on appeal concern only challenges to factual determinations or applications of law to fact, we *dismiss* his appeal for lack of jurisdiction.

## BACKGROUND

Mr. Berry served on active duty in the Navy for a total of 24 days in 1953. Mr. Berry's entrance examination records indicate that his chest was abnormal due to an irregular protrusion of the right anterior chest wall, but that this caused minimal symptoms and did not prevent him from being deemed physically fit for duty. However, soon after Mr. Berry reported for duty, he was sent to a psychiatric unit due to complaints of nervousness. Mr. Berry's medical records from this examination indicate that he was "high strung, could not stand severe correction, was subject to convulsions, and made errors on the simplest tasks." J.A. 10. Over the next few weeks, Mr. Berry received further examinations and was ultimately discharged under honorable conditions, unsuitable.

In 1955, Mr. Berry attempted to re-enlist in the Navy. Mr. Berry's entrance examination indicated that his heart and vascular systems were normal but that his lungs and chest were abnormal due to deformity of the right chest cage that was mild with no symptoms and not considered disabling. However, the Navy deemed Mr. Berry unfit for service based upon prior discharge and the Navy's conclusion that he still possessed a "marked degree of emotional immaturity and physical defects [that are not related to his heart or vascular system]." J.A. 11. Mr. Berry petitioned a Navy Board of Review, seeking to have his restrictions lifted so that he might reenter service. The Board of Review denied his petition.

Over fifty years after Mr. Berry's time in the Navy,

Mr. Berry received a rating decision from the Department of Veterans Affairs Regional Office (RO) denying his application to reopen a claim for service connection for organic heart disease. Mr. Berry petitioned the Board of Veterans' Appeals (Board) for review of the RO's decision. The Board granted Mr. Berry's application to reopen the matter and remanded to the RO to consider Mr. Berry's claims, which the Board recharacterized as claims for service connection based upon both organic heart disease and vascular disease. The RO denied Mr. Berry's claims on remand. Upon review, the Board found that Mr. Berry's heart and vascular system were normal upon his entrance into the military. It also concluded that Mr. Berry's organic heart disease and vascular disease were not related to his service because neither manifested until several years after his service was complete.

Mr. Berry appealed to the Veterans Court, which affirmed. *Veterans Court Decision* at *1. Mr. Berry appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). Under 38 U.S.C. § 7292(a), we have jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof, relied on by the Veterans Court in its decision. Except where an appeal presents a constitutional question, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Berry's appeal does not raise any issue that we have jurisdiction to decide. Mr. Berry makes two arguments on appeal. First, he contends that the Veterans Court improperly calculated the length of time of his service in the Navy. Second, he argues that when he was accepted into the Navy, the Navy was aware of his health issues and yet he was nonetheless discharged due to his health. Both these arguments constitute challenges to factual findings and we lack jurisdiction to review them. 38 U.S.C. § 7292(d)(2). Additionally, we note that

neither of these arguments was presented to the Veterans Court. Accordingly, even if we had jurisdiction over these arguments, we could not consider them in the first instance.

As relief, Mr. Berry requests that we grant him a disability pension based on his health. To the extent that this can be construed as an additional argument, it requires us to either reapply the facts of Mr. Berry's case to the law or to grant relief under military pay statutes— both tasks that are beyond our jurisdiction. *See id.* Moreover, the Veterans Court declined to consider this claim as it had not been made to or adjudicated by the Board. We cannot consider it for the first time on appeal.

CONCLUSION

Because Mr. Berry raised no argument or issue over which we have jurisdiction, we *dismiss*.

**DISMISSED**

COSTS

No costs.